**WHITE & CASE**

October 18, 2020

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA ECF & E-MAIL

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Avianca Holdings S.A., et al. v USAVflow Ltd. and Citibank, N.A. (In re Avianca Holdings S.A., et al.)*, **Case No. 20-01244 (MG) (Bankr. S.D.N.Y.)**

To the Chambers of the Honorable Martin Glenn:

White & Case represents the USAV Secured Lender Group, which comprises all Lenders under the USAV loan facility. We write in response to the letter from Mr. Tecce to the Court filed on this adversary docket at ECF No. 8. We did attempt to work with Debtors' counsel to come up with a reasonable schedule in relation to its application for a TRO, but we were unable to do so.

There is no emergency here. For over 5 months, on a daily basis, the cash owned by USAVFlow Limited has been swept as permitted by applicable documents governing the contract rights and receivables sale and related financing. The Debtors cannot create their own urgency by waiting so long to file a claim and motion. Likewise, having taken so much time to prepare its complaint and TRO application, the Debtors should not be able to unreasonably shorten the time for the other parties to respond. Moreover, only two weeks ago, Avianca's advisor testified, and its counsel submitted papers representing, that the approximately $1.2 billion in new money financing would provide more than enough liquidity to the Debtors for the duration of their cases under even conservative projections. Based on their witness' affidavit in support of the TRO, the cash flows into USAV's accounts over the next two weeks during the proposed restraining period will be immaterial relative to the Debtors overall cash position, and does not support their belated request for emergency relief.

Further, the Debtors have introduced factual issues, which the Lenders dispute. The Lenders have requested that the Debtors make their witness available for deposition and produce limited documentation to support their witness' testimony. The Debtors have refused. The Debtors have also introduced issues of foreign law. The USAV Secured Lenders need an opportunity to obtain a responsive affidavit from their Colombian law expert, so that the Court is adequately informed on matters under Colombian law.

Although the central issue at this time is whether there truly is an emergency justifying the Debtors' request for a TRO hearing on shortened time, the Lenders disagree with the Debtors assertions that their claim for Additional Purchase Price – the purported estate property at issue here – is owing, and that there has been any violation of the automatic stay. In any case, counsel's letter makes reference to the amount of cash swept to date suggesting that the magnitude of that amount somehow impacted the Debtors' purported right to Additional Purchase Price, while the Debtors' own witness admits in his affidavit that the first month when any such purported right to Additional Purchase Price could have conceivably existed would have been in September, and the evidence submitted shows that none would be currently owing in October.



The Honorable Martin Glenn
October 18, 2020

In light of the forgoing, the USAV Secured Lender Group respectfully suggests that the Debtors be required to provide limited discovery concerning the factual assertions made, and that a TRO hearing be scheduled after the Debtors supply such discovery.  This Court has scheduled a hearing in the main chapter 11 cases on October 29. If the Debtors can produce discovery in time, it might be efficient for them to present their TRO motion then.

Finally, we note that we have requested that Avianca agree to the USAV Secured Lender Group's intervention in this adversary proceeding and we provided a draft stipulation to that effect based on a stipulation agreed with Avianca's other counsel, Milbank, in connection with the pending recharacterization adversary.  Counsel did not respond to this proposal.  We would hope to avoid unnecessary motion practice when the Lenders clearly have a right to intervene under Bankruptcy Rule 7024, and we note that there should be no need for a "negotiation of appropriate terms" for such intervention in light of the Lenders' right to intervene under that rule.

We are available to discuss this matter further at the Court's convenience.

Respectfully submitted,

*/s/ Glenn M. Kurtz*

**Glenn M. Kurtz**

**T** +212 819 8252
**E** gkurtz@whitecase.com

cc:   Evan R. Fleck, Esq.
      Jennifer V. Doran, Esq.
      Erin Dexter, Esq.
      David J. Mark, Esq.
      Sheron Korpus, Esq.
      Aaron L. Renenger, Esq.
      David S. Rosner, Esq.
      James C. Tecce, Esq.
      Jonathan R. Winnick, Esq.